IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES VECCHIONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:13CV584 |
| | ) | |
| PROFESSIONAL RECOVERY | ) | |
| CONSULTANTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is currently before the Court on the Motion to Dismiss [Doc. #28] filed by Defendant Professional Recovery Consultants, Inc. The Motion is fully briefed and is now before the Court for review. For the reasons discussed below, the Court grants Defendant's Motion to Dismiss.

I.  BACKGROUND

The factual allegations contained in Plaintiff's Amended Complaint,[1] taken as true for purposes of Defendant's Motion to Dismiss, alleged that Defendant initiated a hard pull of Plaintiff's credit report from Experian without a permissible purpose, which reduced Plaintiff's credit score. Specifically, Plaintiff asserted that Defendant initiated the hard pull on October 20, 2011. Furthermore, Plaintiff stated that he faxed Defendant a proof of authorization to view

---

[1] The Court notes that Plaintiff has filed approximately seven *pro se* actions in this District, alleging virtually identical facts and claims against seven different defendants. (See Cases No. 1:13CV584, 1:13CV585, 1:13CV586, 1:13CV587, 1:13CV588, 1:13CV589, 1:13CV590.) Three of those related actions have been voluntarily dismissed (Cases No. 1:13CV585, 1:13CV588, 1:13CV590) and one was dismissed through a stipulation of dismissal by the parties (Case No. 1:13CV587).

Plaintiff's credit report, but Defendant did not provide any such proof after such request. Plaintiff asserted that these actions have resulted in credit denials, credit delays, an inability to apply for credit, loss of use of funds, mental anguish, emotional distress, humiliation, loss of reputation, and expenditures for fees and costs.

Based on these facts, Plaintiff alleged that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") through willful and negligent means by obtaining Plaintiff's consumer credit report without a permissible purpose. Plaintiff further asserted that Defendant violated the North Carolina Debt Collection Act, N.C.G.S. § 75-50 to 75-56 ("NCDCA") by misleading the credit reporting bureau into believing that Defendant had permission to obtain his credit reports. Plaintiff also seems to have asserted that Defendant's acts were unconscionable under the NCDCA because it willfully pulled Plaintiff's credit report with no permissible purpose, which violated Plaintiff's privacy rights and caused a decrease in his credit score.

The Court previously granted the Defendant's Motion for Judgment on the Pleadings as to Plaintiff's original Complaint. In doing so, however, the Court allowed Plaintiff an opportunity to amend his Complaint to cure the deficiencies found in the Complaint. When the Court granted the Motion for Judgment on the Pleadings, it noted that Plaintiff failed to allege facts sufficient to state a required element of his FCRA claim. Specifically, the Court found that Plaintiff failed to allege that Defendant obtained Plaintiff's consumer report for an impermissible purpose. The original Complaint did not include any state law claims or claims for negligent violations of the FCRA, but the original Complaint did include a claim under the Fair Debt

Collections Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which Plaintiff no longer alleges in his Amended Complaint.

Defendant has now filed a Motion to Dismiss Plaintiff's Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in which it argued that Plaintiff failed to sufficiently state his claims. Plaintiff filed a response and argued that he has sufficiently stated his claims, or in the alternative, Plaintiff requested that the Court provide him another opportunity to amend his Complaint.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Fourth Circuit has directed that courts " 'take the facts in the light most favorable to the plaintiff,' but '[they] need not accept the legal conclusions drawn from the facts,' and '[they] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.' " Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin

3

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955) (citations omitted). Thus, dismissal of a complaint is proper where a plaintiff's factual allegations fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 683, 129 S. Ct. 1937).

III. DISCUSSION

In its Motion to Dismiss, Defendant asserted that Plaintiff's Amended Complaint should be dismissed, pursuant to Rule 12(b)(6). Specifically, Defendant asserted that Plaintiff's Count I for the willful violation of the FCRA should be dismissed because Plaintiff failed to provide any factual support for such claim. Furthermore, Defendant asserted that insomuch as Plaintiff is attempting to assert a claim in Count I pursuant to 15 U.S.C. § 1681q of the FCRA, any such claim must fail because that provision is a criminal provision, and not one allowable in a civil cause of action. As to Count II of Plaintiff's Amended Complaint, Defendant stated that Plaintiff's claim for a negligent violation of the FCRA should be dismissed because Plaintiff has failed to allege actual damages for any negligent violation. Finally, as to Plaintiff's newly asserted state law claim, Defendant argued that such claim should be dismissed because Plaintiff has failed to allege any of the required elements of the claim or any conduct constituting unfair acts. Additionally, Defendant argued that because Plaintiff's state law claims under the NCDCA are

4

repetitious of his FCRA claims, the state law claims are preempted by the FCRA preemption provisions.

A. FCRA Non-Compliance Claims

As stated above, in its Motion to Dismiss, Defendant asserted that Plaintiff has failed again to assert sufficient facts establishing that it obtained Plaintiff's credit report for an impermissible purpose. The FCRA imposes civil liability against "[a]ny person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose . . . ." 15 U.S.C. § 1681n(b). To state a claim for willful or negligent acquisition of a credit report in violation of the FCRA, "a plaintiff must allege facts showing each of the following: (i) there was a consumer report; (ii) the defendants used or obtained it, (iii) the defendants did so without a permissible statutory purpose, and (iv) the defendants acted with the specified culpable mental state." King v. Equable Ascent Fin., LLC, 1:12-CV-443, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013) (quoting Benzing v. Tharrington-Smith, LLP, 5:10-CV-533-F, 2012 WL 169946, at *3 (E.D.N.C. Jan. 19, 2012)).

The Court finds that Plaintiff's Amended Complaint does not sufficiently state the element that Defendant lacked a permissible statutory purpose for obtaining Plaintiff's credit report. Other than summarily stating that Defendant violated the FCRA by obtaining Plaintiff's credit report without a permissible purpose, Plaintiff's Amended Complaint only stated that Defendant did not provide Plaintiff with proof of authorization to view Plaintiff's credit report. This, by itself, does not provide sufficient support for a claim that Defendant lacked a permissible purpose for obtaining the report. Furthermore, while Plaintiff stated that he

attempted to receive proof of Defendant's authorization to view Plaintiff's credit report, Plaintiff did not assert that he is unaware for what purpose Defendant actually obtained the report nor did he state why Defendant's purpose was impermissible. Plaintiff provided no facts that would even allow the Court to negate any of the permissible purposes outlined in the FCRA. Thus, Plaintiff has not stated a plausible claim for relief, and the Court will grant Defendant's motion to dismiss the FCRA claims.

Plaintiff attempted to set out additional facts in his Response to Defendant's Motion to Dismiss [Doc. #34] to support the allegations in his Amended Complaint. However, as this Court previously indicated in its Order granting Defendant's Motion for Judgment on the Pleadings concerning Plaintiff's original Complaint, the Court may not consider these facts in evaluating the sufficiency of the Complaint. See Aerospace Mfg., Inc. v. Clive Merch. Grp., LLC, 1:05CV00597, 2006 WL 1476906, at *4 n.4 (M.D.N.C. May 23, 2006) ("[T]he Court cannot rely on facts alleged in a Plaintiff's response brief when evaluating the legal sufficiency of a complaint on a motion to dismiss."); see also Beck v. City of Durham, 129 F. Supp. 2d 844, 855 (M.D.N.C. 2000) ("Because the Court's consideration of Defendants' Motions to Dismiss is limited to the allegations stated in the Complaint, Plaintiff cannot attempt to create claims . . . in his response to Motions to Dismiss."). The facts asserted in Plaintiff's Response seem to indicate that Plaintiff believes Defendant was attempting to collect a nonexistent debt, which is not a permissible statutory purpose under 15 U.S.C. § 1681b to obtain a consumer's credit report. The Court, however, has previously allowed Plaintiff an opportunity to amend his Complaint to assert this very fact. (See Order [Doc. #22], at 8.) Accordingly, the Court need

6

not again allow Plaintiff a second opportunity to cure the same deficiency, which was clearly identified in the Court's earlier Order. Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

Furthermore, even if the Court were to again allow Plaintiff to amend his Complaint to add additional allegations of an impermissible purpose, Plaintiff's claims for both willful and negligent acquisition fail to assert plausible claims for additional reasons. First, as to Plaintiff's claim for a willful violation of the FCRA, Plaintiff, in his Amended Complaint, failed to allege facts sufficient to support the fourth element, which is that the Defendant acted with a culpable state of mind. As to such element, Plaintiff only stated that Defendant's actions were willful. "[M]ere assertion of willful noncompliance with [the] FCRA will not, on its own, satisfy Rule 8(a)." Singleton v. Domino's Pizza, LLC, No. DKC 11-1823, 2012 WL 245965, at *4 (D. Md. Jan. 25, 2012). "Indeed, even where defendants have made a good faith mistake in pulling a consumer report, there is no violation of the FCRA." Boston v. Client Servs. of Mo., Inc., No. 3:13CV184, 2013 WL 5925902, at *2 (W.D.N.C. Nov. 1, 2013) (citing Beckstrom v. Direct Merch.'s Credit Card Bank, No. Civ. 04-1351 ADM/RLE, 2005 WL 1869107, at *3 (D. Minn. Aug. 5, 2005); Shah v. Collecto, Inc., No. Civ.A.2004-4059, 2005 WL 2216242, at *12 (D. Md. Sept. 12, 2005)). Accordingly, because Plaintiff has not sufficiently stated that any of Defendant's actions were wilful, the Court finds that Plaintiff has failed to state a claim for the wilful acquisition of his credit report in violation of the FCRA.[2]

---

[2]The Court notes that insomuch as Plaintiff attempts to assert a claim under 15 U.S.C. § 1681q, any such claim also will be dismissed due to Plaintiff's failure to allege that any of Defendant's actions were willful, as is required by the statute. See U.S.C. § 1681q ("Any person

Second, as to Plaintiff's negligent violation claim, Plaintiff has failed to plead facts establishing a negligent violation because he failed to adequately plead actual damages. The FCRA allows consumers to recover only actual damages for negligent violations of the Act, and both actual and punitive damages of willful violations. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 240 (4th Cir. 2009) (citing 15 U.S.C.A. §§ 1681n, 1681o). Actual damages include both economic damages and damages for humiliation and mental distress. Sloane v. Equifax Info. Serv., LLC, 510 F.3d 495, 500 (4th Cir. 2007). Plaintiff, in his Amended Complaint as to his negligent non-compliance claim, stated that "Plaintiff demands judgment in the amount of $1000.00, for damages against Defendant for actual or statutory damages, and punitive damages, fees and costs[.]" (Amended Compl. [Doc. #26], at ¶16.) As to what these damages are for, Plaintiff generally alleged that Defendant's actions caused credit denials, credit delays, inability to apply for credit, loss of use of funds, mental anguish, emotional distress, humiliation, a loss of reputation, and expenditures and fees.

Initially, the Court notes that conclusory statements that Plaintiff suffered from emotional distress do not support an award of compensatory damages. Ross v. F.D.I.C., 625 F.3d 808, 819 (4th Cir. 2010). Accordingly, Plaintiff's conclusory statements that he suffered

---

who *knowingly and willfully* obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both." (emphasis added)). Furthermore, the statute imposes criminal liability, rather than civil liability. Accordingly, Courts have questioned whether the continued use of the provision in the civil context is necessary since the FCRA was amended to include a civil liability provision. See Daniel v. Bluestem Brands, Inc., No. 13-11714, 2014 WL 81763, at *5 (E.D. Mich. January 9, 2014) (citing Phillips v. Grendahl, 312 F.3d 357, 364 (8th Cir. 2002); and Raymond v. Raymond, 2005 WL 2491442 at *2 (N.D. Ill. Oct.7, 2005)).

humiliation and emotional distress, do not establish a sufficient claim of actual damages. Furthermore, as to Plaintiff's other alleged losses for things such as, the loss of use of funds and an inability to apply for credit, Plaintiff has failed to plead facts to state a plausible claim for such losses. Thus, the Court will dismiss Plaintiff's negligent violation claim under the FCRA because the claim fails to adequately plead actual damages, in addition to failing to adequately plead that Defendant lacked a permissible purpose to obtain his credit report.

    B.    NCDCA Claim

The NCDCA prohibits various unfair debt collection practices in North Carolina, "including the use of threats, coercion, harassment, unreasonable publications of the consumer's debt, deceptive representations to the consumer, or other unconscionable means." Ross, 625 F.3d at 817 (citing N.C.G.S. § 75-50 to 75-56). Plaintiff asserted that Defendant violated the NCDCA in two ways. First, Plaintiff argued that Defendant used fraudulent, deceptive, or misleading representations in violation of N.C.G.S. § 75-54 by misleading the credit reporting bureau. Plaintiff asserted that Defendant misled the bureau by alleging that it had a permissible purpose to pull Plaintiff's credit report. Second, Plaintiff argued that these same actions also are unconscionable in violation of N.C.G.S. § 75-55.

In its Motion to Dismiss, Defendant argued that Plaintiff failed to state a claim under the NCDCA, because Plaintiff failed to allege any of the elements of such claim in his Amended Complaint. In order to state a claim under the NCDCA, a plaintiff must allege the following three threshold requirements: (1) that the plaintiff is a consumer who incurred an obligation; (2) that the obligation incurred is debt; and (3) that the party attempting to collect the obligation is

a debt collector. A debt is defined under the NCDCA as "any obligation owed or due or alleged to be owed or due from a consumer." N.C.G.S. § 75-50(2). A consumer is defined as "any natural person who has incurred a debt or alleged debt for personal, family, household or agricultural purposes[,]" and a debt collector is "any person engaging, directly or indirectly, in debt collection from a consumer." Id. at § 75-50(1) and (3).

In his Amended Complaint, Plaintiff does not allege what type of debt he allegedly incurred, nor does he allege that he even incurred a debt. Furthermore, at no point did Plaintiff assert in the Amended Complaint that Defendant was a debt collector who was attempting to collect a debt from Plaintiff. Instead, Plaintiff only alleged that Defendant did not have a permissible purpose to pull his credit report and that the misleading or unconscionable actions taken to pull the credit report constituted a claim under the NCDCA. These allegations alone, however, do not state a plausible claim under the NCDCA because they do not contain any of the required threshold elements necessary to state such a claim. Accordingly, the Court will dismiss Plaintiff's NCDCA claim.[3]

IV. CONCLUSION

In sum, for the reasons stated above, the Court will grant Defendant's Motion to Dismiss [Doc. #28] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[3] Defendant also argues that Plaintiff's NCDCA claim is preempted by his claims under the FCRA. The FCRA does preempt certain claims brought pursuant to the NCDCA. See Ross, 625 F.3d at 812-813. The Court, however, need not address such argument, as it has determined that Plaintiff's NCDCA claim will be dismissed for a failure to adequately plead such claim.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED and this matter is hereby DISMISSED. A Judgment consistent with this Memorandum Opinion and Order will be filed contemporaneously herewith.

This the 9th day of December, 2014.

_____
United States District Judge